IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Teresa Neighbors, ) | C/A No. 8:11-170-JFA-JDA |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | ORDER |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This is an action brought by the plaintiff, Teresa Neighbors, pursuant to sections 405(g) and 1383(c)(3) of the Social Security Act, as amended, to obtain judicial review of the final decision of the Commissioner of the Social Security Administration denying her claims for Disability Insurance Benefits and Supplemental Security Income.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein she suggests that the Commissioner's decision to deny benefits should be reversed under sentence four of 42 U.S.C. § 405(g), and remanded to the Commissioner for further proceedings. The Report sets forth in detail the

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The parties were advised of their right to submit objections to the Report and Recommendation which was filed on March 21, 2012. The Commissioner has filed objections to the Report and the plaintiff has replied thereto.

## DISCUSSION

Although this court may make a *de novo* review of the Magistrate Judge's recommendation and specific objections thereto, this court's judicial review of the Commissioner's final decision is limited to considering whether the Commissioner's decision is supported by substantial evidence and whether the conclusions in the decision are legally correct under controlling law.

In this action, plaintiff's primary contention is that the ALJ erred in his treatment of the medical opinions by failing to give sufficient reasoning for discounting the opinions of Drs. DeRosa and Amaker. The ALJ gave "no weight" to the opinions of these two physicians for differing reasons. DeRosa's opinion was discounted because the ALJ found the opinion inconsistent with the physician's own records. Dr. DeRosa repeatedly stated that plaintiff's anxiety and depression were controlled with medication and that plaintiff's mood and effect were normal. The ALJ also gave Dr. Amaker's statements "no weight" because the terms used in the

Mental Residual Functional Capacity Assessment were inconsistent with regulatory policies and definitions.

After the ALJ's unfavorable decision, plaintiff appealed to the Appeals Council and sought to supplement the record with additional information regarding the rejection of the opinion of the two treating physicians. Plaintiff presented a psychological evaluation by Dr. Karl Bodtorf, a mental RFC assessment completed by Bodtorf, a questionnaire completed by Dr. Bodtorf, plaintiff's school records, additional medical records from Dr. DeRosa, and a statement from Dr. DeRosa. The Magistrate Judge is of the opinion that these additional records support Drs. DeRosa and Amaker's opinions to which the ALJ ascribed no weight. In particular, Dr. DeRosa's statement explains what "stable" means in his treatment notes and that plaintiff "continues to present with a very flat, blunt affect." Dr. DeRosa also reveals that he has tried several different medications but none seem to improve plaintiff's condition, contradicting the ALJ's finding that DeRosa's treatment notes "repeatedly state that the anxiety and depression is controlled with medication."

Although the Appeals Council received the additional evidence, it declined to disturb the decision of the ALJ.

Prior to the Fourth Circuit's recent decision in *Meyer v. Astrue*, 662 F.3d 700 (4th Cir. 2011), it was unclear whether an Appeals Council was required to articulate

its reasons for denying review of a decision after incorporating additional evidence into the record. In *Meyer*, the Fourth Circuit held that the regulatory scheme does not require the Appeals Council to do anything more than it did in the Meyer case—"consider new and material evidence" in deciding whether to grant review. *Id.* at 706. The Court reasoned that nothing in the statutes or regulations requires the Appeals Council to articulate its reasoning when "new evidence" is submitted and the Appeals Council denies review.

In *Meyer*, the Court went on to note:

> Although the regulatory scheme does not require the Appeals Council to articulate any findings when it considers new evidence and denies review, we are certainly mindful that "an express analysis of the Appeals Council's determination would [be] helpful for purposes of judicial review." *Martinez*, 444 F.3d at 1207–08; see also *Damato*, 945 F.2d at 989 n.6 (noting that in "fairness to the party appealing the ALJ's decision, the Appeals Council should articulate its reasoning" when it rejects new material evidence and denies review.)

In applying these principles to the case before it, the Fourth Circuit observed that as to the new evidence presented to the Appeals Council, "no fact finder has made any findings as to the treating physician's opinion or attempted to reconcile that evidence with the conflicting and supporting evidence in the record. For this reason, the *Meyer* Court held that the case had to be remanded for further fact-finding because "assessing the probative value of competing evidence is quintessentially the

4

role of the factfinder."

In Ms. Neighbors case, the Magistrate Judge has determined that the same considerations that caused the Fourth Circuit to remand the case in *Meyer* are present here. That is to say, the Appeals Council did not err by considering plaintiff's new evidence and not explaining its rationale. However, like the claimant in *Meyer*, the plaintiff presented additional evidence to the Appeals Council, which is now in the record, that no factfinder has attempted to reconcile with conflicting and supporting evidence in the record. For this reason, the Magistrate Judge opines that this case is a carbon copy of *Meyer* and should be remanded for that reason.

In objecting to the Report and Recommendation, the Commissioner points out that Meyer does not *require* a remand in every case where the Appeals Council considers, but refuses to discuss, new evidence. The Commissioner argues that this case is distinguishable from *Meyer* in that in *Meyer*, the additional evidence constituted the only record evidence as to the opinion of the treating physician. Here, it is argued, the additional information did not constitute the only record evidence as to a treating physician's opinion. While it is true that the record in this case contains more in the way of evidence regarding the treating physician's opinion, the additional information submitted to the Appeals Council is more compelling that than which was in the record before the ALJ. In short, this court agrees with the Magistrate

5

Judge that a remand following the rationale of *Meyer* is appropriate in this case.

CONCLUSION

It is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to make findings of fact and resolve conflicts in the evidence. This court's scope of review is limited to the determination of whether the findings of the Commissioner are supported by substantial evidence taking the record as a whole, *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), and whether the correct law was applied," *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, the Magistrate Judge's Report, and the Commissioner objections thereto, this court adopts the Magistrate Judge's Report and Recommendation. Accordingly, the Commissioner's decision is reversed and remanded to the Commission pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative action as set out in this order and the Report and Recommendation.

IT IS SO ORDERED.

July 30, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge